IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles L. Anderson,<br>a/k/a Charles Lilwesky Anderson,<br><br>Petitioner,<br><br>v.<br><br>Michael Stefan,<br><br>Respondent. | C/A No. 8:19-cv-1066-JFA-JDA<br><br><br>**ORDER** |

The *pro se* petitioner, Charles L. Anderson, a/k/a Charles Lilwesky Anderson ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

Proceeding pro se and in forma pauperis, Petitioner filed this Petition for writ of habeas corpus on April 10, 2019. (ECF No. 1). On August 28, 2019, Respondent filed a return and memorandum to the Petition and a motion for summary judgment. (ECF Nos. 21 & 22). After reviewing the dispositive motion, issuing an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and granting Petitioner additional time to respond to the motion, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 44). Within the Report, the Magistrate opines that the motion for summary judgment should be granted and this petition should

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

be denied. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on January 8, 2020. *Id.* The Magistrate Judge required Petitioner to file objections by January 22, 2020. *Id.* However, Petitioner failed to file objections or otherwise respond. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the Respondent's motion for summary judgment should be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 44). Consequently, the motion for summary judgment (ECF No. 22) is granted and the Petition is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

February 6, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."